IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EARNEST BENNARD WEST, )<br>#291 408, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>WARDEN RUFUS HARALSON, *et al.*, )<br> )<br>    Defendants. ) | CIVIL ACTION NO. 2:14-CV-315-MEF<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lowndes County Jail in Hayneville, Alabama, filed this 42 U.S.C. § 1983 action on April 30, 2014. Plaintiff complains that he is being denied access to the courts. Warden Rufus Haralson and Lieutenant Cynthia Glover are the named defendants. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

Plaintiff submitted a request form to Warden Haralson on April 22, 2014, seeking a copy of "Rule 32" and some law books on post-conviction relief. Previously, Lt. Glover had responded to Plaintiff's April 16, 2014, request form seeking information about how to obtain law books. She advised Plaintiff to "send case laws you need and we will try to get

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

what you're seeking. Please be specific." Regarding Plaintiff's April 22 request form, Lt. Glover responded and informed him she would "seek [his] request and let [him] know something by Friday." Plaintiff does not believe that Warden Haralson ever received his April 22 request form and complains that Lt. Glover never brought him any law books. Plaintiff seeks a court order directing Warden Haralson to transfer him to Kilby Correctional Facility so he may have the same opportunity as other state inmates to consult an adequate law library. *Doc. No. 1 at 2-4*.

The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id*. at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id*. at 353. The *Lewis* Court *disclaimed* any expansions of the right of access to the court which suggested "that the State must enable the prisoner to **discover grievances**, and to **litigate effectively** once in court. . ." To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354. (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Lewis*, 518 U.S. at 349. *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id*. Finally, the Court indicated that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its]

3

role,' by 'not . . . thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id.* at 363.

Plaintiff challenges Defendants' failure to provide him with legal material regarding post-conviction proceedings. He fails to allege the exact nature of his frustrated legal claims or why he cannot proceed without the assistance of a law library or unspecified legal materials. Plaintiff's complaint alleges no specific facts showing he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or nonfrivolous civil rights claims, and thus, he has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts. Specifically, Plaintiff presents nothing to this court which demonstrates that the actions about which he complains relate to any conduct of Defendants, or that his inability to adequately access a law library or legal materials resulted in adverse consequences or an <u>actual</u> injury from the alleged deprivation as contemplated in *Lewis*. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegations articulate no "actual injury" accruing to him based on his contention he has been denied access to the courts, his complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before June 19, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

DONE, this 5th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE